UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Clement J. Wells, # 11030-171, | ) | C/A No. 4:11-53-SB-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Warden D. Drew or Warden of FCI-Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Clement J. Wells, Petitioner, proceeding *pro se*, brings this action pursuant to 28 U.S.C.

§ 2241 for habeas relief.[1]  Petitioner is an inmate at Bennettsville Federal Correctional Institution,

and he files this action *in forma pauperis* under 28 U.S.C. § 1915.  In this action, Petitioner seeks

to have his federal sentence corrected and attacks his conviction.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made

of the *pro se* petition filed in the above-captioned case.  The review was conducted pursuant to the

procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of

1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v.*

*Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*,

404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v.*

*Baskerville*, 712 F.2d 70 (4th Cir. 1983).  This Court is required to construe *pro se* petitions

liberally.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  Such *pro se* petitions are held to a less

---

1) Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, even if the petitioner had paid the full filing fee, this Court is charged with screening the petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules governing 2254 and Habeas Corpus cases. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

## Background

It appears that, in February of 2004, Petitioner was indicted in this United States District Court in Criminal Action 4:04-149-TLW-1. *See United States v. Wells*, Cr. No. 4:04-149-TLW-1 (D.S.C. Nov. 30, 2004). On May 5, 2004, Petitioner pled guilty to felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1), 924(a), and 924(e). *Id.*, ECF No. 32, 33. Judge Terry L. Wooten sentenced Petitioner on October 26, 2004, to one hundred eighty (180) months imprisonment and five (5) years of supervised release. *Id.*, ECF No. 35, 36. Petitioner appealed his criminal sentence to the Fourth Circuit Court of Appeals, and on September 22, 2005,

that Court affirmed the district court's decision. *Id.*, ECF No. 45. Thereafter, it appears that within

his criminal case Petitioner has unsuccessfully filed several other motions in the district court, and

appeals with the Fourth Circuit Court of Appeals, in his attempt to set aside his sentence or

conviction. *Id.*, ECF No. 75.

On January 13, 2006, Petitioner filed a motion to vacate or correct his sentence pursuant to

28 U.S.C. § 2255 related to his felon in possession of a firearm conviction. *See Wells v. United*

*States*, C/A No. 4:06-183-TLW (D.S.C. Aug. 6, 2008). On August 6, 2008, Judge Wooten granted

the Respondent's motion for summary judgment, denied relief to Petitioner, and dismissed his

§ 2255 Petition with prejudice. *Id.*, ECF No. 12. After Petitioner filed a motion for reconsideration

pursuant to Rule 59(e) related to his § 2255 case, Judge Wooten denied the motion on September

21, 2010. *Id.*, ECF No. 17.

Petitioner filed this pending action on January 7, 2011, and although the caption of his

Petition is unclear, a review of the complete first page of the Petition reveals that Petitioner brings

this case pursuant to 28 U.S.C. § 2241. Pet.1, ECF No. 1. Petitioner alleges a variety of grounds

for relief as to why his 180-month sentence was incorrect or unlawful, and he also appears to attack

the validity of his guilty plea. For example, Petitioner alleges that the Armed Career Criminal Act

should not have applied to him, his counsel was ineffective, and this Court erred during the

sentencing phase. Petitioner also alleges that he is "not the gun owner or [possessor] but a

bystander," and that he is serving time for other people's mistakes. Pet.8-9, ECF No. 1.

## Discussion

The threshold question is whether Petitioner's claims are properly raised in this Court

pursuant to 28 U.S.C. § 2241. Generally, a § 2241 habeas petition "'attacks the execution of a

3

sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention.'"

*Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 (D.S.C. April 7, 2009) (citation

omitted).  Petitioner is attacking the validity of his sentence and his conviction, and this type of

claim should usually be brought under § 2255 in the sentencing court.  *Rice v. Rivera,* 617 F.3d 802

(4th Cir. 2010).  Section 2255 does contain a savings clause which permits a district court to consider

a § 2241 petition challenging the validity of a petitioner's detention when a § 2255 petition is

inadequate or ineffective to test the legality of his detention.  *Id.*  The Fourth Circuit Court of

Appeals held that "§ 2255 is not inadequate or ineffective merely because an individual is unable

to obtain relief under that provision.  A contrary rule would effectively nullify the gatekeeping

provisions."  *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted).  Nonetheless, the

Court concluded, "[T]here must exist some circumstance in which resort to § 2241 would be

permissible; otherwise, the savings clause itself would be meaningless."  *Id.*  In one scenario the

Fourth Circuit has deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme
> Court established the legality of the conviction; (2) subsequent to the prisoner's
> direct appeal and first § 2255 motion, the substantive law changed such that the
> conduct of which the prisoner was convicted is deemed not to be criminal; and (3)
> the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule
> is not one of constitutional law.

*Jones*, 226 F.3d at 333-34.  Notably, the savings clause is not satisfied merely because a petitioner's

prior § 2255 motion was unsuccessful or because a petitioner is unable to meet the requirements to

file a successive § 2255 motion.  *Chisholm v. Pettiford*, No. 6:06-2032-PMD-WMC, 2006 WL

2707320, *2 (D.S.C. Sept. 18, 2006).

4

Here, it does not appear, based on the petition, the savings clause is applicable to Petitioner's case, and Petitioner's claims are not cognizable in this Court pursuant to § 2241. If Petitioner desires to bring a "second or successive" motion under § 2255, Petitioner must receive permission to do so from the Fourth Circuit Court of Appeals. *See* Title 28 U.S.C. § 2255; 28 U.S.C. § 2244(a).

Recommendation

Accordingly, it is recommended that the District Court dismiss the Petition in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and Rule 4 and 1(b) of the Rules Governing § 2254 Cases ([i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner). ***Petitioner's attention is directed to the important notice on the next page.***

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 16, 2011
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).