IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

USDC. CLERK, RECEIVED
CHARLESTON, SC

2011 APR 21  A II: 05

Clement J. Wells, #11030-171, )
)
    Petitioner, )
)
v. )   Civil Action No. 4:11-53-SB
)
Warden D. Drew or Warden of FCI- )   **ORDER**
Bennettsville, )
)
    Respondent. )
_____)

This matter is before the Court upon Clement J. Wells' ("the Petitioner" or "Wells") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The record contains the report and recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a). In the R&R, the Magistrate Judge recommends that the Court dismiss the petition without prejudice and without issuance and service of process. The Petitioner filed timely objections to the R&R, and the matter is ripe for review.

## BACKGROUND



On May 5, 2004, the Petitioner pleaded guilty to possession of a firearm and ammunition after being convicted of a felony, in violation of 18 U.S.C. §§ 924(a), 924(e), and 922(g) (2000). United States v. Wells, Criminal No. 4:04-149-TLW (D.S.C. Nov. 30, 2004). The Honorable Terry L. Wooten sentenced the Petitioner to a term of imprisonment of 180 months, to be followed by five years of supervised release. Id. The Petitioner appealed his sentence to the Fourth Circuit Court of Appeals, but on September 22, 2005, the court affirmed the sentence. In addition to appealing his conviction, it appears that the

Petitioner has filed a number of other motions within his criminal case to set aside his sentence, all of which have been unsuccessful to date.

On January 13, 2006, the Petitioner filed a motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. Wells v. United States, Civil Action No. 4:06-183-TLW (D.S.C. Aug. 6, 2008). On August 6, 2008, Judge Wooten granted the government's motion for summary judgment and denied the Petitioner's section 2255 motion with prejudice. The Petitioner filed a motion to reconsider, which Judge Wooten denied on September 21, 2010.

The Petitioner filed the instant section 2241 petition on January 7, 2011, alleging a variety of reasons why his 180-month sentence is incorrect or unlawful and attacking the validity of his guilty plea. For example, he contends that he should not have been sentenced as an armed career criminal and that his attorney was ineffective.

## STANDARD OF REVIEW

The Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the R&R to which such objection is made and the basis for such objection. Id.

## DISCUSSION

In the R&R, the Magistrate Judge reviewed the Petitioner's claims and determined that they were not properly raised pursuant to 28 U.S.C. § 2241. As the Magistrate Judge noted, federal prisoners must pursue post-conviction relief by filing a motion pursuant to

2

28 U.S.C. § 2255; however, section 2255 contains a "savings clause" that allows federal prisoners to proceed under section 2241 when a motion under section 2255 would prove "inadequate or ineffective" to test the legality of the detention.[1] A section 2255 motion is "inadequate or ineffective" when three criteria are met:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
> (2) subsequent to the prisoner's direct appeal and the first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Ultimately, the Magistrate Judge determined that the Petitioner had not shown that section 2255 was inadequate or ineffective, rendering them incognizable pursuant to section 2241.

The Petitioner filed written objections to the R&R; however, a review of these objections reveals that they are largely nonsensical and that they do not specifically object to any portion of the R&R or explain why the Petitioner should be permitted to proceed pursuant to section 2241. Instead, the Petitioner includes explanations of irrelevant issues and cases, and he makes various claims such as the following: he did not receive his Miranda rights, the government set him up, he was "swindled into" accepting his sentence,

---



[1] The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

and he was not in violation of any law when he was arrested.

After review, the Court finds that the Petitioner's objections are without merit, and the Court agrees with the Magistrate Judge that the savings clause does not apply to the Petitioner's claims. In other words, the Court finds that the Petitioner has failed to demonstrate that the relief available to him under section 2255 is inadequate or ineffective. As the Magistrate Judge noted, if the Petitioner desires to bring a second or successive motion pursuant to section 2255, he must receive permission to do so from the Fourth Circuit Court of Appeals, which it does not appear that he has done.

Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 20) is adopted and incorporated herein; the Petitioner's objections (Entry 22) are overruled; and the instant matter is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

April **20**, 2011
Charleston, South Carolina

#4

4